UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RYAN FELTZ,

        Petitioner,

v.

MARY VANN; NY STATE,

        Respondents.

9:19-CV-0387
(BKS/ATB)

---

APPEARANCES:

RYAN FELTZ
18-A-2886
Petitioner, pro se
Altona Correctional Facility
555 Devils Den Road
Altona, NY 12910

BRENDA K. SANNES
United States District Judge

OF COUNSEL:

**DECISION and ORDER**

**I.    INTRODUCTION**

Ryan Feltz filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, along with supporting exhibits. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1--1-2, Exhibits. On the same day, petitioner also filed an application to proceed in forma pauperis, as well as the statutory filing fee. Dkt. Entry for Pet. (indicating receipt information for payment of filing fee); Dkt. No. 2, IFP Application.

For the reasons that follow, this action is dismissed without prejudice. Further, petitioner's requests to (1) stay the present action (Pet. at 20), (2) appoint counsel (*id.* at 34-

35, 42), and (3) grant bail (*id.* at 18-19, 22) are all similarly denied without prejudice and with a right to renew pending re-filing of the habeas petition.

## II.   IFP APPLICATION

Petitioner's IFP application is denied for two reasons. First, petitioner paid the filing fee, so his IFP application is moot. Second, the IFP application is not certified or signed by an appropriate prison official "showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(1)-(2), Rules Governing Section 2254 Cases in the United States District Courts.

## III.   THE PETITION

The pending petition is difficult to decipher. Given petitioner's allegations and the attached exhibits, petitioner appears to challenge a 2018 judgment, upon a guilty plea, in Greene County for criminal possession of a firearm and a violation of probation for petitioner's 2014 conviction for third degree criminal possession of a weapon in Dutchess County. Pet. at 3; Dkt. No. 1-1 at 18, 52.[1]

Petitioner assets that an "[a]ppeal was taken [and that the] Appellate Division Third Department ordered assignment of counsel, [however the] Court Clerk [in] Greene County [failed] to furnish all relevant papers and transcripts, October 2018." Pet. at 3*; see also id.* at 6 ("Because the Greene County Clerk has failed to comply with the October 2018 Appellate

---

[1] Petitioner continually references the facts and proceedings surrounding his 2014 conviction, as well as proffering arguments about the alleged infirmities and injustices he suffered during those proceedings. Pet. at 16-19, 21-23. Petitioner previously commenced, and then voluntarily withdrew, a habeas petition pursuant to 28 U.S.C. § 2254 concerning that 2014 conviction. *Feltz v. Attorney General of the State of New York*, No. 9:18-CV-0179 (GTS), Dkt. No. 1, Petition; Dkt. No. 16, Amended Petition; Dkt. No. 37, Motion to Withdraw; Dkt. No. 39, Decision and Order dated December 17, 2018 Granting Motion to Withdraw. In that prior proceeding, "petitioner state[d] that he 'will be resentenced' on June 19, 2018, for violating the terms of his probation . . . [for a] violation [which] stemmed from possessing a firearm that was unregistered." *Feltz*, No. 9:18-CV-0179 (GTS), Dkt. No. 17 at 2-3 (citations omitted).

2

Court Order, and provide [his attorney] . . . with the necessary documents, [petitioner] has had no access to the assistance of counsel."); *id.* at 9 ("If or when the day comes when the Green County Clerk feels it proper to provide [petitioner's appellate attorney] with the scant court records, so the petitioner can appeal, it will be revealed that the accusatory instrument is legally insufficient."). Petitioner correctly states that an appeal was commenced and counsel assigned. Dkt. No. 1-1 at 70 (letter from Third Department to petitioner's appellate attorney providing attorney with the Court's order assigning him to represent petitioner as well as a copy of the notice of appeal). However, said appeal has not been resolved by either the Third Department or New York Court of Appeals. Pet. at 40 ("NY has effectively foreclosed habeas relief . . . There is no likelihood at all that his appeal will be briefed, perfected, answered, and decided before 2019 ends.").

Further, petitioner contends that in January of this year, he filed a "§440.10 motion to Greene County to vacate [his] conviction . . . [and petitioner recently] . . . replied to the D.A. Answer – March 10, 2019." Pet. at 3; *see also id.* at 14 ("Greene §440 was filed January 22, 2019, was answered, and [petitioner] replied around March 10, 2019."). However, petitioner also indicates there has yet to be a disposition in this matter. *Id.* at 40 ("440 far more often than not, can take in excess of a year . . . There is little likelihood the 440 motions will be disposed.").

Petitioner also lists several other "applications for relief" that he has filed. Pet. at 3-4. These actions pertain to both his Greene County conviction and his prior Dutchess County Conviction. *Id; see also* Dkt. No. 1-1 at 18-20 (Clinton County Court's Decision and Order denying petitioner's Article 70 challenge to his continued DOCCS confinement); Dkt. No. 1-1 at 50 (Third Department's order denying petitioner's application for an order staying

3

execution of judgment pending appeal and for release on bail pursuant to New York Criminal Procedure Law §460.50).

Liberally construing the petition, petitioner argues he is entitled to habeas relief because (1) the accusatory instrument is defective, thus, the court lacked jurisdiction over petitioner (Pet. at 9-10, 14-15, 21, 35); (2) his trial counsel was ineffective (*id.* at 10-12, 30, 35-36); (3) petitioner's due process rights were violated (*id.* at 20, 35, 38); and (4) petitioner's plea was involuntary due to "threat[s regarding] . . . the deprivation of his liberty, if he did not waive [h]is right against self-incrimination, and confess to offenses . . . where there [wa]s not legally sufficient evidence to convict him." (*id.* at 26). For a more complete statement of petitioner's claims, reference is made to the petition and attachments.

## III. DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii). The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]" *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To properly exhaust his claims, petitioner must do so both procedurally and substantively. Procedural exhaustion requires that the petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that the petitioner "fairly present"

4

each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Petitioner must also use the proper procedural vehicle so that the state court may pass on the merits of his claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985).

In this case, petitioner also acknowledges that he must first "satisfy the exhaustion and procedural default requirements." Pet. at 12. However, petitioner's petition and related filings reveal that he has not yet completed the process of undertaking a direct appeal, despite having successfully commenced said process. Dkt. No. 1-1 at 70. Further, petitioner has referenced a §440 motion which he recently replied to; however, no court decision is noted. Accordingly, nothing in the current filings suggests a state court has decided his claims, much less the highest state court capable of reviewing them. Therefore, his claims are unexhausted.

Petitioner intimates that exhaustion is rendered unavailable to him for several reasons. First, he contends that "Green Court will [likely] deny [petitioner's] §440 motion . . . [as t]he clerk refuses to provide the papers necessary for appeal." Pet. at 8; *see also id*. at 12 ("The external factor [for the §440 motion is] entirely out of and beyond the control of [petitioner and] is the Green County Court Clerk's omission or refusal to provide the necessary papers to [petitioner's] appellate counsel."). Second, he alleges that "[t]here is little likelihood the 440 motions will be [quickly] disposed [often taking in excess of a year and t]here is no

5

likelihood at all that his appeal will be briefed, perfected, answered, and decided before 2019 ends." Pet. at 40.

However, even crediting these arguments, there is no basis on the record before this Court to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has state court remedies available to him, and, by his own account, he is in the process of exhausting those remedies by pursuing his direct appeal through his appointed counsel and awaiting the court's decision after fully briefing his §440 motion. For the same reasons discussed in detail below, petitioner's arguments of delay attributable to the county court clerk (Pet. at 3, 6, 8 ,9, 12) are insufficient to establish that state court remedies are no longer available to him. Petitioner and his counsel can enlist the Third Department to ensure the Greene County Court Clerk complies with the Appellate Division's prior order (Dkt. No. 1-1 at 69); however, petitioner has failed to demonstrate to this Court how either he or his attorney have continued to pursue those remedies in the state court, instead alluding to the fact that their pursuit is futile.

Petitioner's assertions that his direct appeal has been rendered futile by the county clerk's inaction and the glacially slow pace of the judicial system are unavailing. Futility exists only "when there is a 'complete absence of a mechanism for correction of the alleged unconstitutional violation' or the petitioner is 'precluded by an unconscionable breakdown from using the process that exists.'" *Jordan v. Bailey*, 985 F. Supp. 2d 431, 437 (S.D.N.Y. 2013), *aff'd*, 570 F. App'x 42 (2d Cir. 2014) (summary order) (quoting *Francis S. v. Stone*,

6

995 F. Supp. 368, 380 (S.D.N.Y. 1998)). "In other words, there must be *no opportunity* to obtain redress in state court or the state process must be *so clearly deficient* as to render *futile* any effort to obtain relief." *Jumpp v. Cournoyer*, No. 3:15-CV-0892, 2016 WL 3647146, at *3 (D. Conn. June 30, 2016) (citing *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam)). "When it is perfectly apparent . . . that a prisoner's requests to the state court and requests to state-appointed counsel have been to no avail the prisoner need not take additional steps in the state court before being heard in the federal courts." *Simmons v. Reynolds*, 898 F.2d 865, 867-68 (2d Cir. 1990) (internal quotation marks omitted) (citing *Brooks v. Jones*, 875 F.2d 30, 31 (2d Cir. 1989); *Mathis v. Hood*, 851 F.2d 612, 614-15 (2d Cir. 1988); *Wheeler v. Kelly*, 639 F. Supp. 1374, 1378 (E.D.N.Y. 1986) *aff'd* 811 F.2d 133 (2d Cir. 1987)).

> While any sort of
>> delay in the perfection of petitioner's appeal is, indeed, most unfortunate, the circumstances are not like those in the cases which the federal courts have found an absence of available corrective process in the state system. Noticeably absent from the record petitioner has submitted . . . is any evidence of any communication by which he has alerted the Appellate Division to the problem he is encountering and sought its help. . . . The Appellate Division can hardly be faulted for not taking action on petitioner's behalf when it has no reason to believe petitioner is unhappy . . . and wishes to have any action taken. There is no reason to believe that there is an absence of available procedure in the state court to justify petitioner's nonexhaustion in the state court when he has not yet given the state court any opportunity to remedy his situation.

*Higgins v. Kuhlmann*, 1:89-CV-4875, 1990 WL 132494, at *3 (S.D.N.Y. Sept. 7, 1990). Here, petitioner attached correspondence from the Third Department indicating that his counsel had sixty (60) days within which to perfect his direct appeal. Dkt. No. 1-1 at 69.

7

That time period expired on or about January 2, 2019. *Id.* (indicating order was signed on October 30, 2018). Petitioner has failed to include any facts regarding the steps either he or his counsel have taken to seek an extension or otherwise comply with the Third Department's Order. The potential state court remedy is not rendered futile when petitioner, or his counsel, have failed to alert the court to their difficulties in obtaining that which is legally theirs or because petitioner's case has not advanced at the pace he desired. Accordingly, there is no basis to conclude that petitioner was precluded from the process provided to protect his rights in state court.

Based on the foregoing, the petition is dismissed without prejudice to re-filing once petitioner has pursued and exhausted all the claims he wants to raise in the state courts. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow petitioner to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[2]

---

[2] The Court notes that if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

Any subsequent habeas petition must be timely filed. Under the AEDPA, habeas petitions challenging a state-court judgment of conviction are subject to a one-year statute of limitations. The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). Any subsequent habeas petition must be timely filed.

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies; and it is

**ORDERED** that petitioner's motions to (1) stay the present action (Pet. at 20), (2) appoint counsel (*id.* at 34-35, 42), and (3) grant bail (*id.* at 18-19, 22) are all similarly **DISMISSED WITHOUT PREJUDICE** and with a right to renew pending re-filing of the habeas petition; and it is

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[3] Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

Dated: April 8, 2019
      Syracuse, NY

*[signature]*
Brenda K. Sannes
U.S. District Judge

---

[3] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'").