UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RYAN FELTZ,

        Petitioner,
v.                                                  9:19-CV-0387
                                                             (BKS/ATB)
MARY VANN; NY STATE,

        Respondents.

---

APPEARANCES:                                            OF COUNSEL:

RYAN FELTZ
18-A-2886
Petitioner, pro se
Altona Correctional Facility
555 Devils Den Road
Altona, NY 12910

BRENDA K. SANNES
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner filed a petition for a writ of habeas corpus pursuant to § 2254, as well as an application to proceed in forma pauperis ("IFP"). Dkt. No. 1, Petitioner ("Pet."); Dkt. No. 2, IFP Application. Liberally construing petitioner's petition, he also moved to have the Court (1) stay the action; (2) appoint counsel; and (3) grant bail. *See* Pet.

On April 8, 2019, the Court dismissed the petition without prejudice for failing to exhaust the available state court remedies. Dkt. No. 4, Decision and Order dated 04/08/19 ("April Order"). The April Order also denied petitioner's additional motions without prejudice and with a right to renew pending re-filing the habeas petition. *Id.* A judgment was issued

the same day, closing the case. Dkt. No. 5, Judgment.

On April 12, 2019, the Court received an addendum to the petition. Dkt. No. 6. It was clear that the additional submission and the April Order crossed in the mail. The Court held that "[i]n light of petitioner's pro se status, the Clerk of the Court accepted the document for filing. The documents were reviewed and do not cure the deficiencies identified in the [April] Order. Accordingly, the submission [wa]s rendered moot by the [April] Order." Dkt. No. 7, Text Order dated 04/17/19.

On April 24, 2019, the Court received a letter motion from petitioner seeking reconsideration of the April Order and resulting Judgment. Dkt. No. 8.

## II. PETITIONER'S MOTION FOR RECONSIDERATION

Petitioner asks "that the Court reconsider his petition" because he is experiencing "irreparable injury." Dkt. No. 8 at 1. Specifically, petitioner requests that the Court reevaluate the arguments he outlined in his petition regarding (1) the state court's arbitrary refusal to grant him bail pending appeal "in violation of equal protection of the laws," (*id.* at 2-3, 7); and (2) his improper felony conviction and the "legitimate and fundamental errors [therein], some of which are jurisdictional, all a result of ineffective assistance of counsel," (*id.* at 4-6).

Petitioner relies upon the factual and legal arguments he previously proffered to support said motion. Petitioner refers to several paragraphs in his petition (¶¶ 110-67) which revisit the facts that petitioner "inadvertently came into NY from VT, with a firearm [petitioner] purchased legally. Despite his unrestricted, valid NY §400.00(2)(f) firearm license, NY Armed Guard license, and NRA pistol safety Instructor Certification, the State sought [a] felony conviction against him[.]" *Id.* at 2. Petitioner argues this demonstrates "that he was

2

arbitrarily denied bail bending appeal, . . . he is suffering irreparable injury, . . . there [are] inadequate state remedies to provide petitioner relief[, and that he] raised substantial constitutional claims . . . asserting deprivations of due process, denial of equal protection of the law, [and] ineffective assistance of counsel." *Id.* at 1-2. Moreover, petitioner asserts that, by virtue of his short sentence, state court remedies are rendered unavailable to him. *Id.* at 3.

Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order or Proceeding.**
> On a motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1)   mistake, inadvertence, surprise, or excusable neglect;
> (2)   newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)   fraud, misrepresentation, or misconduct;
> (4)   the judgment is void;
> (5)   the judgment has been satisfied, released, or discharged; or
> (6)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "The Supreme Court has recognized that Rule 60(b) applies in habeas corpus cases and may be used to reopen a habeas proceeding." *Flemming v. New York*, No. 1:06-CV-15226, 2013 WL 4831197, at *12 (S.D.N.Y. Sept. 10, 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)). "Importantly, Rule 60(b) is *not* a vehicle for rearguing the merits of the challenged decision . . . [r]ather . . . Rule 60(b) provides relief only in exceptional circumstances." *Van Gorder v. Allerd*, No. 6:01-CV-6538, 2008 WL 822018, at *2 (W.D.N.Y. Mar. 26, 2008) (emphasis in original).

"A motion brought under Rule 60(b) must be made 'within a reasonable time' and motions brought under Rule 60(b)(1), (2), or (3) must be made within one year after the entry

3

of judgment." *Flemming*, 2013 WL 4831197, at *12. "The Supreme Court has interpreted subsection six as requiring a showing of 'extraordinary circumstances' to 'justify[] the reopening of a final judgment.'" *Reynolds v. Greene*, No. 9:05-CV-1539, 2010 WL 604179, at *2 (N.D.N.Y. Feb. 16, 2010) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

It is first important to understand that

> [a] motion under Rule 60(b) and a petition for habeas have different objectives. The habeas motion under 28 U.S.C. § 2254 seeks to invalidate the state court's judgment of conviction. As to the motion under Rule 60(b), while it is undoubtedly a step on the road to the ultimate objective of invalidating the judgment of conviction, it does not seek that relief. It seeks only to vacate the federal court judgment dismissing the habeas petition. The grant of such a motion would not have the effect of invalidating the state conviction. It would merely reinstate the previously dismissed petition for habeas, opening the way for further proceedings seeking ultimately to vacate the conviction.

*Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001). Stated another way, "[a] Rule 60(b) motion may be used to attack the integrity of the previous habeas proceeding, but it may not be used as a vehicle to attack the underlying criminal conviction." *Reynolds*, 2010 WL 604179, at *3 (internal quotation marks omitted) (citing *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *Gonzalez*, 545 U.S. at 529; *see also Negron v. United States*, 164 F. App'x 158, 158-59 (2d Cir. 2006) (explaining that Rule 60 provides relief in civil suits, accordingly "cannot afford [petitioner] relief from his judgment of conviction in a criminal case.").

Here, while not specified, it appears the only provision applicable to the present motion is Rule 60(b)(6).[1] Because petitioner brought the motion for reconsideration less than

---

[1] Petitioner failed to identify the basis upon which his motion for reconsideration was brought. As a final judgment was issued, Rule 60(b) is presumably the appropriate standard. However, even if petitioner intended to utilize a different standard, his motion would still fail.

"The standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be

4

one month after the entry of the Judgment, petitioner's motion is timely.

However, petitioner's arguments are still primarily challenging the merits of his state court conviction and the state court's refusal to grant his request for bail. Dkt. No. 8 at 2-7. Petitioner again relied on the same facts and arguments that he previously asserted regarding the inappropriateness of his allegedly illegal arrest and felony conviction. *Id.* at 2. Further, petitioner repeated his challenges to the trial court's jurisdiction, as well as the merits of the state court decision denying him bail. *Id.* at 2-4. In short, petitioner is, again, attempting to invalidate his state court conviction through the wrong procedural vehicle. *Gonzalez*, 545 U.S. at 529; *Negron*, 164 F. App'x at 158-59; *Harris*, 367 F.3d at 77; *Reynolds*, 2010 WL 604179, at *3. Petitioner "shows no need for the extraordinary relief contemplated under Rule 60(b)(6) where other avenues such as direct appeal or collateral review might have or may provide the redress he seeks." *McKinnon v. United States*, No. 1:12-CV-0179, 2012 WL 727017, at *1 (D. Md. Mar. 5, 2012). To the extent petitioner wishes to challenge the constitutionality of his state court conviction in this Court, he is to do so via a properly exhausted habeas petition brought pursuant to § 2254.

Liberally construing petitioner's motion, he claims his short sentence presents

---

expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented. *Long v. U.S. Dep't of Justice,* 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Servcs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007).

Petitioner's overarching contentions are that his criminal conviction was inappropriate, his request for bail should have been granted, and a direct appeal would be too slow given the length of his sentence. However these conclusions are completely speculative and insufficient to warrant reconsideration. Petitioner has not demonstrated that any controlling decisions or material facts were overlooked that might have influenced the Court's prior Decision and Order. Nor has he shown that any clear error of law must be corrected, or manifest injustice prevented. Petitioner's disagreement with the Court's decision is not a basis for reconsideration. *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007). As a result, reconsideration of the Court's decision dismissing his petition as unexhausted is not warranted.

extraordinary circumstances rendering his state court remedies unavailable. In support of this argument, petitioner cites to *Sibron v. New York*, 392 U.S. 40 (1968), for the proposition that "where a short sentence is served . . . the New York courts simply do not provide an adequate remedy to prevent a sentence served in futility." Dkt. No. 8 at 3.

However, petitioner's reliance on this case is inapposite. The Supreme Court acknowledged that "[m]any deep and abiding constitutional problems are encountered primarily at a level of 'low visibility' in the criminal process - in the context of prosecutions for 'minor' offenses which carry only short sentences," which is why such cases are not rendered moot by the individual's release from prison. *Sibron*, 392 U.S. at 52. Instead, an individual's rights to a direct appeal and ability to challenge such constitutional infirmities within state courts - regardless of the length of the individual's sentence - was upheld by the Court's holding that "a State may not effectively deny a convict access to its appellate courts until he has been released and then argue that his case has been mooted by his failure to do what it alone prevented him from doing." *Id.* at 53. Accordingly, the cited case preserves and encourages an individual's right to engage in the state court appellate process and, then, if necessary, pursue federal habeas review regardless of the term of the sentence. This conclusion completely contradicts the reasoning petitioner is advancing. Therefore, petitioner's arguments that his short sentence equates to extraordinary circumstances sufficient to trigger Rule 60(b) relief are unpersuasive.

Petitioner has failed to present any other circumstances, let alone extraordinary ones, to justify the Court's intervention.

### III. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion for reconsideration (Dkt. No. 8) is **DENIED WITH PREJUDICE**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

Dated: May 1, 2019

Brenda K. Sannes
U.S. District Judge